1 | James R. Ballard, Esq. (178122)
Kirsten Y. Zittlau, Esq. (220809)
2 | **SCHWARTZ SEMERDJIAN HAILE BALLARD & CASHMAN LLP**
101 West Broadway, Suite 810
3 | San Diego, CA 92101
Telephone No. 619 236-8821
4 | Facsimile No. 619 236-8827

5 | Attorneys for Defendants
LOGETICS, INC.
6 | and THOMAS HOLLAND

**FILED**

06 NOV -8 PM 1: 10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

7

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | RIVERDEEP, INC. A LIMITED LIABILITY )    Case No. 05 CV 1801 H (JMA)
COMPANY, )
12 | )    **CONDITIONAL SETTLEMENT AND**
Plaintiffs, )    **STIPULATION FOR DISMISSAL**
13 | )
v. )
14 | )
SOMC GROUP, INC.; LOGETICS, INC.; and )    **Judge: Hon. Marilyn L. Huff**
15 | THOMAS E. HOLLAND; )    **Magistrate: Jan M. Adler**
16 | Defendants )
_____ )

17

18 |     TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS

19 | OF RECORD:

20 |     PLEASE TAKE NOTICE that the above-referenced matter has been settled.

21 |     The parties respectfully request this Court to remove from calendar any appearances currently

22 | scheduled in the above-entitled court and allow the parties to perform their obligations set forth in

23 | the Stipulation for Entry of Judgment and Settlement Agreement and Mutual Release . The

24 | Stipulation for Entry of Judgment is filed herewith and attached to this pleading as Exhibit 1.  The

25 | Settlement Agreement and Mutual Release is incorporated herein by this reference and is attached

26 | hereto as Exhibit 2.  Plaintiff anticipates filing a request for dismissal without prejudice on or before

27 | October 13, 2006.  The Court, however, retains jurisdiction to set aside the dismissal and order entry

28 | of judgment upon a showing of default in the terms specified in the stipulation.



1
**CONDITIONAL SETTLEMENT AND STIPULATION FOR DISMISSAL**

1   Should there be a default under the terms of the stipulation, Plaintiff anticipates filing a

2   "Declaration of Default in Payments" concurrently with an entry of judgment thereon.

3   Respectfully submitted:

4   DATED: October 31, 2006             **PETRIE SCHWARTZ**

5                                        By: _____ John Kumar for

6                                        Irwin Schwartz
                                         Attorneys for Plaintiffs RIVERDEEP, INC.
7                                        and RIVERDEEP INTERACTIVE
                                         LEARNING, LTD.

8

9   DATED: October ___, 2006            **SCHWARTZ SEMERDJIAN HAILE
                                         BALLARD & CAULEY LLP**

10

11                                       By: _____

12                                       James R. Ballard
                                         Attorneys for Defendants
                                         THOMAS HOLLAND and LOGETICS, INC.

13

14                  **O R D E R**

15   HAVING READ THE FOREGOING, and for good cause appearing therefore, IT IS

16   HEREBY ORDERED, that any appearances currently set in the above-referenced case be removed

17   from calendar and allow the parties to perform their obligations set forth in the agreement for

18   settlement.

19   IT IS FURTHER ORDERED, that the Court retain jurisdiction to set aside the dismissal and

20   order entry of judgment upon a showing of default in the terms specified in the stipulation.

21

22   DATED:_____            _____

23

24

25

26

27

28

2
**CONDITIONAL SETTLEMENT AND STIPULATION FOR DISMISSAL**

1    Should there be a default under the terms of the stipulation, Plaintiff anticipates filing a

2    "Declaration of Default in Payments" concurrently with an entry of judgment thereon.

3    Respectfully submitted:

4    DATED: October ___, 2006        **PETRIE SCHWARTZ**

5

6                           By: _____

7                                  Irwin Schwartz
                                  Attorneys for Plaintiffs RIVERDEEP, INC.
                                  and RIVERDEEP INTERACTIVE
                                  LEARNING, LTD.

8

9    DATED: October 31, 2006        **SCHWARTZ SEMERDJIAN HAILE**
                                **BALLARD & CAULEY LLP**

10

11                           By: _____

12                                  James R. Ballard
                                  Attorneys for Defendants
                                  THOMAS HOLLAND and LOGETICS, INC.

13

14                        **O R D E R**

15    HAVING READ THE FOREGOING, and for good cause appearing therefore, IT IS

16    HEREBY ORDERED, that any appearances currently set in the above-referenced case be removed

17    from calendar and allow the parties to perform their obligations set forth in the agreement for

18    settlement.

19    IT IS FURTHER ORDERED, that the Court retain jurisdiction to set aside the dismissal and

20    order entry of judgment upon a showing of default in the terms specified in the stipulation.

21

22    DATED: 11/07/06                  _____

23                                        **MARILYN L. HUFF**
                                      U.S. DISTRICT Judge

24

25

26

27

28

**EXHIBIT 1**



James R. Ballard, Esq. (178122)
Kirsten Y. Zittlau, Esq. (220809)
**SCHWARTZ SEMERDJIAN HAILE BALLARD & CAULEY LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619 236-8821
Facsimile No. 619 236-8827

Attorneys for Defendants
LOGETICS, INC.
and THOMAS HOLLAND

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERDEEP, INC. A LIMITED LIABILITY COMPANY, | Case No. 05 CV 1801 H (JMA) |
| Plaintiffs, | **STIPULATION FOR ENTRY OF JUDGMENT** |
| v. | |
| SOMC GROUP, INC.; LOGETICS, INC.; and THOMAS E. HOLLAND; | **Judge: Hon. Marilyn L. Huff**<br>**Magistrate: Jan M. Adler** |
| Defendants | |

IT IS HEREBY STIPULATED by and between Plaintiffs RIVERDEEP, INC. A LIMITED LIABILITY COMPANY and RIVERDEEP INTERACTIVE LEARNING, LTD., ("Plaintiffs") and Defendant LOGETICS, INC. ("Defendant") that:

1.      Judgment herein may be entered in favor of Plaintiffs and against Defendant in the amount of $875,000 (hereinafter referred to as "JUDGMENT AMOUNT") less any amounts paid under the terms of this Stipulation. Judgment shall not be entered until and unless Defendant is in default under the terms of this Stipulation.

2.      In lieu of the JUDGMENT AMOUNT, Plaintiff agrees to accept the sum of $875,000 on payments as follows:  $450,000 on or before October 13, 2006; $25,000 on or before December 31, 2006; $50,000 on or before June 30, 2007; $50,000 on or before December 31, 2007; $50,000 on or before June 30, 2008; $100,000 on or before December 31, 2008; $50,000 on or

1  before June 30, 2009; and, $100,000 on or before December 31, 2009.  Said payments shall be

2  made via a check made payable to "Riverdeep, Inc." and sent to RIVERDEEP at Riverdeep Inc.,

3  LLC, 100 Pine St, Suite 1900, San Francisco, CA  94111.  Assuming Defendant timely makes the

4  payments set forth above, Plaintiff agrees to accept said sum in satisfaction of the JUDGMENT

5  AMOUNT.  However, if Defendant fails to make a payment and fails to thereafter cure the non-

6  payment, Plaintiff is entitled to a Judgment in the JUDGMENT AMOUNT less any amounts paid

7  under the terms of this Stipulation.

8       3.       In the event a payment is not received when due, Plaintiff shall give a five (5) day

9  written fax notice to Defendant.  The parties agree that all notices of default (and all notices as called

10  for under this Stipulation) should be sent to Thomas Holland at 760.448.2942 with a copy to James

11  Ballard at 619.236.8827.  In the event that the payment is not received within five (5) days of the

12  date of said notice, Plaintiff may immediately have judgment entered against Defendant for the

13  JUDGMENT AMOUNT less credits for payments made.  Default may be entered upon ex parte

14  application by Plaintiff to the Court.

15       4.       The parties hereby jointly request the Court to retain jurisdiction of this case and over

16  the parties personally until final performance of the agreement set forth above.  This includes but is

17  not limited to the tolling of any applicable statute, rule or court order affecting timely prosecution of

18  this action pursuant to C.C.P. Sections 581, *et seq.*, 583.310, 583.330, 583.340, 583.350 and 664.6.

19       5.       The parties agree that findings of fact and conclusions of law shall be, and the same

20  are, hereby waived.

21       6.       The parties agree that an order approving this Stipulation may, but not need, be

22  obtained and the same may be obtained ex parte from a Court commissioner or Magistrate.

23       7.       The parties agree that any judgment entered in accordance with the terms of this

24  Stipulation may be rendered and entered by a Court commissioner or Magistrate.

25       8.       The parties agree that judgment shall be entered (in the event of default as described

26  herein) and become final for all purposes upon entry of judgment.

27       9.       The parties agree that judgment may be entered pursuant to this stipulation on an ex

28  parte application by Plaintiff.  Defendant waives any right to have a hearing on a noticed motion

1  basis and any right to Notice of Entry of Judgment.  Each party waives the right to appeal from

2  judgment entered hereon.

3      10.    The parties agree that this Stipulation may be signed in counter parts and taken

4  together shall constitute the executed Stipulation.

5      11.    The parties agree that a fax signature copy of this Stipulation may be used as if it were

6  the original.

7      12.    IT IS UNDERSTOOD THAT THE PARTIES ARE REPRESENTED BY LEGAL

8  COUNSEL.  AND THAT THE PARTIES HAVE READ AND UNDERSTOOD THE CONTENTS

9  AND LEGAL EFFECTS OF THIS STIPULATION AND HAVE  ENTERED INTO IT FREELY

10  AND VOLUNTARILY AND THAT THE PARTIES WAIVE ANY RIGHT TO RESCIND OR SET

11  ASIDE THIS STIPULATION.

12      13.    If a default should occur under the terms of this Stipulation and Plaintiff is forced to

13  enter Judgment, Plaintiff shall be entitled to his reasonable attorneys fees and costs incurred in

14  entering said Judgment and incurred in enforcing said Judgment.  Such attorneys' fees and costs shall

15  not be limited to those amounts prescribed in California Civil Code § 1719, *et seq.*

16      On entry, this Judgment will become final and Execution may be levied on it.

17  DATED: October ___, 2006                    **PETRIE SCHWARTZ**

18

19                                             By: _____
20                                                 Irwin Schwartz
                                                   Attorneys for Plaintiffs RIVERDEEP, INC.
21                                                 and RIVERDEEP INTERACTIVE
                                                   LEARNING, LTD.

22  DATED: October 3l, 2006                    **SCHWARTZ SEMERDJIAN HAILE
23                                              BALLARD & CAULEY LLP**

24                                             By: _____
25                                                 James R. Ballard
                                                   Attorneys for Defendants
26                                                 THOMAS HOLLAND and LOGETICS, INC.

27  / / /

28  / / /

1   basis and any right to Notice of Entry of Judgment.  Each party waives the right to appeal from

2   judgment entered hereon.

3       10.     The parties agree that this Stipulation may be signed in counter parts and taken

4   together shall constitute the executed Stipulation.

5       11.     The parties agree that a fax signature copy of this Stipulation may be used as if it were

6   the original.

7       12.     IT IS UNDERSTOOD THAT THE PARTIES ARE REPRESENTED BY LEGAL

8   COUNSEL.  AND THAT THE PARTIES HAVE READ AND UNDERSTOOD THE CONTENTS

9   AND LEGAL EFFECTS OF THIS STIPULATION AND HAVE  ENTERED INTO IT FREELY

10  AND VOLUNTARILY AND THAT THE PARTIES WAIVE ANY RIGHT TO RESCIND OR SET

11  ASIDE THIS STIPULATION.

12      13.     If a default should occur under the terms of this Stipulation and Plaintiff is forced to

13  enter Judgment, Plaintiff shall be entitled to his reasonable attorneys fees and costs incurred in

14  entering said Judgment and incurred in enforcing said Judgment.  Such attorneys' fees and costs shall

15  not be limited to those amounts prescribed in California Civil Code § 1719, *et seq.*

16      On entry, this Judgment will become final and Execution may be levied on it.

17
    DATED: October _31_, 2006                     PETRIE SCHWARTZ
18
19                                                By:  _____  JOHN KUMAR FOR
20                                                      Irwin Schwartz
                                                      Attorneys for Plaintiffs RIVERDEEP, INC.
21                                                    and RIVERDEEP INTERACTIVE
                                                      LEARNING, LTD.
22
    DATED: October ___, 2006                      SCHWARTZ SEMERDJIAN HAILE
23                                                    BALLARD & CAULEY LLP
24
                                                  By:  _____
25                                                    James R. Ballard
                                                      Attorneys for Defendants
26                                                    THOMAS HOLLAND and LOGETICS, INC.

27  ///

28  ///

1    DATED: October ___, 2006          **LOGETICS, INC.**

2

3                                      By: _____
                                            Thomas Holland
4                                           President

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION FOR ENTRY OF JUDGMENT**

DATED: October ____, 2006

**LOGETICS, INC.**

By: _____
Thomas Holland
President

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**STIPULATION FOR ENTRY OF JUDGMENT**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter "AGREEMENT") is entered on September 13, 2006, by and among the following persons and entities:

1. LOGETICS, INC., hereinafter "LOGETICS" and,

2. TOM HOLLAND, hereinafter "HOLLAND" on the one hand, and,

3. RIVERDEEP INC., hereinafter "RIVERDEEP" and,

4. RIVERDEEP INTERACTIVE LEARNING, LTD., hereinafter "RIL."

All four parties are referred to herein as the "SETTLING PARTIES."

### R E C I T A L S

1. RIVERDEEP and RIL are plaintiffs in a matter styled *Riverdeep, Inc., et al. v. SOMC Group, Inc. et al.*, United States Southern District Court Case No. 05 CV 1801 H (JMA) (the "ONGOING LITIGATION"). The operative complaint is the Third Amended Complaint, which includes claims for copyright infringement and breach of contract, among other causes of action, against defendants HOLLAND and LOGETICS. The allegations contained in the Third Amended Complaint are incorporated by this reference as though fully contained herein. HOLLAND and LOGETICS denied and continue to deny the allegations of the lawsuit.

2. The SETTLING PARTIES desire to resolve all aspects of the ONGOING LITIGATION involving each of them and to release each other from all possible liability, known and unknown, in connection therewith, pursuant to the full and timely performance of the following terms and conditions in the manner described herein.

### T E R M S   A N D   C O N D I T I O N S

In consideration for the full and timely performance by each SETTLING PARTY hereto of each of the Terms and Conditions of this AGREEMENT in the manner prescribed herein, including without limitation all releases, dismissals, waivers, covenants, warranties and representations, execution and delivery of all documentation required herein, and in full and final settlement of the ONGOING LITIGATION, the SETTLING PARTIES agree to the following:

-1-

1.   **Benefit of Counsel.**

Each SETTLING PARTY has had the opportunity to receive the advice of legal counsel in connection with this Agreement. Each SETTLING PARTY hereto executes this AGREEMENT with full knowledge of its Terms and Conditions and their significance and with the express intention of effecting its legal consequences.

2.   **Dismissal of Ongoing Litigation.**

The SETTLING PARTIES shall execute the Conditional Settlement and Stipulated Judgment documents attached hereto as Exhibits 1 and 2, respectively, upon execution of this AGREEMENT. The effect of the documents attached as Exhibits 1 and 2 shall be to dismiss the lawsuit but for the Court to retain jurisdiction to enforce this settlement and the AGREEMENT.

3.   **Payment to Riverdeep and RIL.**

Logetics shall pay the total sum of $875,000 to RIVERDEEP and RIL as follows: On or before October 19, 2006, Logetics shall pay the total sum of $450,000 lump sum via a cashier's check made payable to "Riverdeep, Inc." and sent to Petrie Schwartz, LLP, 1775 Sherman Street, Suite 2500, Denver, Colorado 80203. Thereafter, Logetics shall make the following scheduled payments to RIVERDEEP and RIL:

$25,000 on or before December 31, 2006, subject to a 45-day cure period;

$50,000 on or before June 30, 2007;

$50,000 on or before December 31, 2007;

$50,000 on or before June 30, 2008;

$100,000 on or before December 31, 2008;

$50,000 on or before June 30, 2009; and,

$100,000 on or before December 31, 2009.

Said payments shall be made via a cashier's check made payable to "Riverdeep, Inc." and sent to RIVERDEEP at Riverdeep Inc., LLC, 100 Pine St, Suite 1900, San Francisco, CA 94111, Attn. Garrett Power. Alternatively, Logetics may make payment via wire according to wiring instructions to be provided by Riverdeep.

A default under this AGREEMENT shall occur if LOGETICS fails to deliver by the time it is due any of the payments set forth above or if any check tendered as payment is

-2-

returned for lack of sufficient funds or is otherwise not negotiable. If a default occurs, RIVERDEEP and RIL, through its attorney of record, shall notify LOGETICS in writing, via facsimile, of the fact of such default. The SETTLING PARTIES agree that notice of said default shall be sent by facsimile to Thomas Holland at 760.448.2942 with a copy to James Ballard at 619.236.8827. Cure of a default may be made by paying the payment then due, by either cashier's check or via wire transfer within five (5) days from the notification of the default, except as to the first $25,000 payment as to which LOGETICS may cure a default within forty five (45) days. If the default is not cured, RIVERDEEP and RIL can enter the Stipulated Judgment attached hereto as Exhibit 2.

LOGETICS and RIVERDEEP shall meet and confer by no later than June 1, 2007 to determine whether RIVERDEEP's loss of distribution rights to the "Schoolhouse Rock", "Bodyworks" and "Little Bear" titles warrants an accommodation. That determination will be based on whether LOGETICS' sales of additional titles provided for under the second OEM agreement, discussed below, compensate for the loss of those titles.

4.      **Riverdeep and Logetics to Execute Two OEM Agreements.**

RIVERDEEP and LOGETICS shall execute two (2) OEM agreements in RIVERDEEP's usual form allowing LOGETICS to sell RIVERDEEP products. The first OEM agreement, a copy of which is attached hereto as Exhibit 4, allows allow LOGETICS to sell certain of its inventory of RIVERDEEP software currently subject to the preliminary injunction, which injunction shall be modified to permit sales of such inventory. Under the terms of the first OEM agreement, Logetics shall pay Riverdeep a royalty of $1.20 per each unit of such software it sells. Any royalties paid by Logetics to Riverdeep from the sales of such software will be credited towards the payments required by Section 3 above until such time as Logetics' payment obligations set forth therein are satisfied in full. Logetics will be entitled to credit payments to Riverdeep against the amounts due to Riverdeep upon Riverdeep's actual receipt of funds from Logetics.

The second OEM agreement, a copy of which is attached hereto as Exhibit 5, shall

permit LOGETICS to distribute RIVERDEEP OEM titles under usual and ordinary RIVERDEEP business terms. All fees paid by Logetics to Riverdeep pursuant to the terms of the second OEM Agreement will be credited towards the payments called for under Section 3 above until such time as Logetics' payment obligations set forth therein are satisfied in full. Logetics will be entitled to credit payments to Riverdeep against the amounts due to Riverdeep upon Riverdeep's actual receipt of funds from Logetics.

Should the settlement fail or the settlement agreement be declared null and void, any royalties for sales made under these OEM agreements paid to RIVERDEEP as a credit against any damages due in the ONGOING LITIGATION.

**5.**     **Creation of a Business Plan for Club Channel Opportunities.**

The SETTLING PARTIES shall jointly prepare a Business Plan for Club Channel Opportunities.  The idea is for LOGETICS and/or HOLLAND to assist RIVERDEEP in exploiting and targeting the club channels.  In creating this plan, the SETTLING PARTIES shall work under the following schedule:  (1) LOGETICS shall prepare a first draft of the business plan and forward the same to RIVERDEEP on or before September 27, 2006.  Included in the draft business plan shall be bench marks for RIVERDEEP and RIL in terms of software titles, the length and validity of licenses, and the like.  (2) RIVERDEEP shall respond to the draft business plan and the bench marks contained therein on or before October 6, 2006.  (3) The SETTLING PARTIES shall then put the business plan in final by October 19, 2006, which business plan will thereafter remain the subject of operational discussions, and attach it hereto as Exhibit 3.  The creation and completion of the business plan is a condition precedent to settlement.  If, for whatever reason, the business plan is not completed, this settlement and all release language contained herein, shall be null and void.  Any profits paid to Riverdeep from any club channel

opportunities generated by Logetics shall be credited against the payments due from Logetics

to Riverdeep under section 3 above, until such time as Logetics' payment obligations set

forth therein are satisfied in full.  Logetics will be entitled to credit payments to Riverdeep

against the amounts due to Riverdeep upon Riverdeep's actual receipt of funds from

Logetics.

6.      **Credits Against Payment to Riverdeep and RIL.**

As described in sections 4 and 5, above, Logetics shall be entitled to certain

credits against the amounts due under Section 3 above.  Should  the amount due on  any of

the payment due dates exceed  Logetics' credit balance, Logetics is obligated to pay

Riverdeep the difference between the amount due and the credit balance on the payment

schedule set forth in Section 3. By way of example, Logetics is obligated to pay Riverdeep

$25,000 on December 31, 2006.  If on December 31, Logetics has paid Riverdeep $20,000

under the two OEM Agreements and generated profits through Club Channel opportunities,

Logetics' credit balance would be $20,000.  Accordingly, Logetics would be obligated to pay

Riverdeep $5000 not later than the close of business on December 31, 2006.

7.      **Mutual Release.**

In consideration for the full and timely performance of all Terms and

Conditions of this AGREEMENT in the manner prescribed herein, including but not limited

to all releases, dismissals, waivers, covenants, warranties and representations, each

SETTLING PARTY hereto, on behalf of itself and on behalf of each of its respective heirs,

executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, assigns,

members, partners, partnerships, parents, subsidiaries, affiliated and related entities, officers,

directors, principals, agents, servants, employees, representatives and all persons, firms,

associations and/or corporations connected with them, including without limitation their

insurers, sureties, attorneys, consultants and experts, hereby release and forever discharge all other SETTLING PARTIES hereto and each of the SETTLING PARTY'S respective heirs, executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, assigns, members, partners, partnerships, parents, subsidiaries, affiliated and related entities, officers, directors, principals, agents, servants, employees, representatives and all persons, firms, associations and/or corporations connected with them, including without limitation their insurers, sureties, attorneys, consultants and experts, who are or may ever become liable to them, of and from any and all claims, demands, causes of action, obligations, liens, taxes, damages, losses, costs, attorneys' fees and expenses of every kind and nature whatsoever, known or unknown, fixed or contingent, including any and all rights to subrogation and/or indemnity therefor, which any of them may now have or may hereafter have against the other SETTLING PARTIES by reason of any matter, cause or thing arising out of or connected with the ONGOING LITIGATION.

   8.   **Waiver.**

   Each SETTLING PARTY hereto acknowledges that there is a risk that, subsequent to the execution of this AGREEMENT, they or it may incur, suffer or sustain injury, loss, damage, costs, attorneys' fees, expenses or any of these, which are in some way caused by or connected with the persons, entities, matters and/or issues referred to in Section 3, above, or which are related to the claims in the ONGOING LITIGATION but are unknown and unanticipated at the time this AGREEMENT is executed, or which are not presently capable of being ascertained. Each SETTLING PARTY hereto further acknowledges that there is a risk that such damages as are presently known may hereafter become more serious than any of them now expects or anticipates. Nevertheless, each SETTLING PARTY hereto acknowledges that this AGREEMENT has been negotiated and

agreed upon in light of that realization and each SETTLING PARTY hereby expressly waives all rights it may have in such unsuspected claims. In so doing, each SETTLING PARTY hereto has had the benefit and advice of counsel and hereby knowingly and specifically waives its rights under California Civil Code section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**9.      Effect of Agreement.**

This AGREEMENT may be pled as a full and complete defense to any action or other proceeding, as the basis for abatement of or injunction against such action or other proceeding.

**10.      Warranty of Authorized Signatories.**

Each of the signatories hereto warrants and represents that he or she is competent and authorized to enter into this AGREEMENT on behalf of the SETTLING PARTY for whom he or she purports to sign, and each agrees to indemnify and hold harmless each other SETTLING PARTY hereto against all claims, suits, actions and demands, including necessary expenses of investigation and reasonable attorneys' fees and costs, in which it may be successfully asserted that he or she was not competent or so authorized to execute this AGREEMENT and to receive the consideration therefor.

**11.      Compromise.**

This AGREEMENT is the result of a compromise and shall never at any time or for any purpose be considered an admission of liability or responsibility on the part of any SETTLING PARTY herein released, nor shall the payment of any sum of money in

consideration for the execution of this AGREEMENT constitute or be construed as an admission of any liability whatsoever, by any SETTLING PARTY herein released, all of which continue to deny such liability and to disclaim such responsibility.

### 12.   Assignment of Claims

The parties hereto each represent and warrant to one another that they have not assigned to any person, partnership, corporation, or other entity not a signatory to this Agreement any claim, debt, liability, demand, obligation, cost, expense, action, or cause of action (collectively, "Claim") released hereunder. In the event that contrary to the foregoing representation and warranty any party has heretofore assigned, or purported to have assigned, any Claim released hereunder, such party agrees to indemnify and hold harmless all parties in whose favor such release runs hereunder and to satisfy any such Claim, including actual expenses of investigation, attorneys' fees and costs.

### 13.   Attorneys' Fees.

The SETTLING PARTIES hereto acknowledge and agree that each of them shall bear their own costs, expenses and attorneys' fees arising out of or connected with the incident, the negotiation, drafting and execution of this AGREEMENT, and all matters arising out of or connected therewith, except that in the event any action or proceeding is brought by any SETTLING PARTY to enforce this AGREEMENT, the prevailing party shall be entitled to reasonable attorneys' fees and costs in addition to all other relief to which that SETTLING PARTY or those SETTLING PARTIES may be entitled.

### 14.   Construction of Agreement.

This AGREEMENT is the product of negotiation and preparation by and among the SETTLING PARTIES hereto and their respective attorneys. Accordingly, all SETTLING PARTIES hereto acknowledge and agree that this AGREEMENT shall not be

-8-

deemed to have been prepared or drafted by one SETTLING PARTY or another, or the attorneys for one SETTLING PARTY or another, and shall be construed accordingly.

    **15.**    <u>**Governing Law and Venue.**</u>

    This AGREEMENT shall be interpreted in accordance with and governed in all respects by the laws of the State of California.  Venue for any and all actions brought to enforce any provision in this AGREEMENT shall only be proper in the United States District Court for the Southern District of California.

    **16.**    <u>**Binding Effect.**</u>

    This AGREEMENT shall be binding upon and inure to the benefit of all SETTLING PARTIES, and their respective heirs, executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, assigns, members, partners, partnerships, parents, subsidiaries, affiliated and related entities, officers, directors, principals, agents, servants, employees, representatives and all persons, firms, associations and/or corporations connected with them, including without limitation their insurers, sureties, attorneys, consultants and experts.

    **17.**    <u>**Severability.**</u>

    If any provision or any part of any provision of this AGREEMENT shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of this AGREEMENT shall not be affected thereby and shall remain in full force and effect.

    **18.**    <u>**Effective Date.**</u>

    The SETTLING PARTIES hereto deem this AGREEMENT to be immediately effective as of the date set forth above.

    **19.**    **Other Documents.**

Other Documents.  The parties to this Agreement agree to execute any agreement or other documents that are required in order to effectuate the terms, conditions, purposes and objectives of this Agreement.

### 20.   Counterparts.

This AGREEMENT may be executed in counterparts and all so executed shall constitute one (1) agreement, which shall be binding upon all SETTLING PARTIES hereto, notwithstanding that the signatures of the SETTLING PARTIES' designated representatives do not appear on the same page.

### 21.   Entire Agreement.

This AGREEMENT, and the Exhibits hereto, contain the entire understanding among the SETTLING PARTIES to this AGREEMENT with regard to the matters herein set forth, and is intended to be and is a final integration thereof.  There are no representations, warranties, agreements, arrangements, undertakings, oral or written, between or among the SETTLING PARTIES hereto relating to the Terms and Conditions of this AGREEMENT that are not fully expressed herein.

**Signatures Follow**

Thomas Holland

_____

Approved As To Form:
**Schwartz Semerdjian Haile Ballard &
Cauley LLP**

_____

James R. Ballard
Attorney for Thomas Holland and
Logetics, Inc.

Logetics, Inc.

By: *Thomas Holland*
Its: *President*

**Riverdeep, Inc.**

**Approved As To Form:**
**Petrie Schwartz**

By: _____
Its: _____

Irwin Schwartz
Attorney for Riverdeep, Inc. and
Riverdeep Interactive Learning, Ltd.

**Riverdeep Interactive Learning, Ltd.**

By: _____
Its: _____

-11-

By:
Its:

**Riverdeep, Inc.**

By: GARRETT POWER

Its: CFO

**Riverdeep Interactive Learning, Ltd.**

By: GARRETT POWER

Its: CFO

**Approved As To Form:**
**Petrie Schwartz**

Irwin Schwartz
Attorney for Riverdeep, Inc. and
Riverdeep Interactive Learning, Ltd.



James R. Ballard, Esq. (178122)
Kirsten Y. Zittlau, Esq. (220809)
**SCHWARTZ SEMERDJIAN HAILE BALLARD & CAULEY LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619 236-8821
Facsimile No. 619 236-8827

Attorneys for Defendants
SOMC GROUP, INC.; LOGETICS, INC.
and THOMAS HOLLAND

## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

RIVERDEEP, INC. A LIMITED LIABILITY COMPANY,

        Plaintiffs,

v.

SOMC GROUP, INC.; LOGETICS, INC.; and THOMAS E. HOLLAND;

        Defendants

Case No. 04 CV 492 R (JMA)

**PROOF OF SERVICE**

**Judge: Hon. Marilyn L. Huff**
**Magistrate: Jan M. Adler**

I, the undersigned, declare:  That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California in which county the within-mentioned mailing occurred.  My business address is 101 West Broadway, Suite 810, San Diego, California 92101.

I served the following documents:

  (1)  **CONDITIONAL SETTLEMENT AND STIPULATION FOR DISMISSAL**

  (2)  **CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE AND ORDER OF REFERENCE**

on the parties in said action by placing a true copy thereof in a separate sealed envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

Irwin B. Schwartz, Esq.
PETRIE SCHWARTZ LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116

John V. Komar, Esq.
PETRIE SCHWARTZ LLP
21033 Gateway Place, Suite 500
San Jose, CA 95110

1
PROOF OF SERVICE BY MAIL

1
2  and I then sealed each envelope and, with the postage thereon fully prepaid, placed it for mailing
3  with the United States Postal Service in accord with our business' practice on November 2, 2006, at
4  San Diego, California.
5          I am readily familiar with our business practice for collecting, processing, and mailing
6  correspondence and pleadings with the United States Postal Service.  Such correspondence and
7  pleadings are deposited with the United States Postal Service on the same day that it is placed for
8  mailing in the ordinary course of business.
9          I hereby certify that I am employed in the office of a member of the Bar of this Court at
10 whose direction the service was made.
11         I hereby certify under the penalty of perjury that the foregoing is true and correct.  Executed
12 on November 2, 2006 at San Diego, California.
13
14                                              Sue Eggleston
15
16
17
18
19
20
21
22
23
24
25
26
27
28